**UNITED STATES of America,**
**Appellee,**

v.

**Steve Elias TUCKER, a/k/a Robert Parris, Defendant–Appellant.**

**No. 03–1646.**

United States Court of Appeals,
Second Circuit.

May 25, 2004.

Theodore S. Green, White Plains, NY, for Appellant.

Marc Litt, Assistant United States Attorney, for the Southern District of New York, for Appellee, of counsel.

Present: CARDAMONE, JACOBS, Circuit Judges, and KORMAN,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be **AFFIRMED.**

Jamaican native Steve Elias Tucker ("Tucker") appeals from his conviction for illegal reentry to the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2) on the ground that, in light of the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), he was wrongfully denied the opportunity to petition for discretionary relief pursuant to (now repealed) section 212(c) of the 1952 Immigration and Naturalization Act (§ 212(c)) (formerly codified at 8 U.S.C. § 1182(c)). Familiarity is assumed as to the facts, procedural posture, and the specification of appellate issues.

We affirm substantially for the reasons articulated by the district court.

In a prosecution for illegal reentry under § 1326, a defendant may challenge the propriety of his initial deportation under § 1326(d) if:

(1) [he] exhausted any administrative remedies that may have been available to seek relief against the [deportation] order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; *and*

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d) (emphasis added). Failure to meet any one of the § 1326(d) requirements precludes dismissal of an indictment for illegal reentry in violation of §§ 1326(a) and (b)(2). *United States v. Fernandez–Antonia*, 278 F.3d 150, 157 (2d Cir.2002). The district court held that Tucker failed to exhaust the available administrative remedies to his 1997 deportation order, and failed to show that the initial deportation was fundamentally unfair. Reviewing the district court's decision *de novo*, *id.* at 156, we consider only the issue of fundamental unfairness, and conclude that there can be none because Tucker was statutorily barred from seeking § 212(c) relief as of the time the 1997 deportation order was entered. *St. Cyr* thus has no bearing on the propriety of Tucker's initial deportation.

Section 212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), section 304(b) (effective April 1, 1997). The Supreme Court held that the repeal of § 212(c) does not apply retroactively to pre-enactment convictions, and "remains

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326. Under the version of § 212(c) that applied with respect to Tucker's 1992 guilty plea on the date he was ordered deported, the Attorney General had no discretion to intervene if the otherwise deportable alien had "been convicted of one or more aggravated felonies and ha[d] served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. § 1182(c) note at 480 (1990 Amendments), 488 (Effective and Termination Dates) (2000).

As of that date, Tucker had been incarcerated pursuant to his rape conviction for more than five years. Moreover, IIRIRA expanded the definition of "aggravated felony" to include rape, and made the expanded definition applicable "regardless of whether [a] conviction was entered before, on, or after" September 30, 1996. 8 U.S.C. § 1101(a)(43) (as amended by IIRIRA §§ 321(a)(1), (b), 110 Stat. at 3009–627–28). Similarly, the effective date provision for the expanded definition of "aggravated felony" directs that "[t]he amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act [Sept. 30, 1996], regardless of when the conviction occurred ..." *See St. Cyr*, 533 U.S. at 319–20 & n. 43; *Kuhali v. Reno*, 266 F.3d 93, 111 (2d Cir.2001).

Thus, § 212(c) was unavailable to Tucker as of the date he was initially ordered deported, because as of October 30, 1997, he had been convicted of an aggravated felony for which he had served a prison term of at least five years. *See, e.g., Brown v. Ashcroft*, 360 F.3d 346, 353–54 (2004).

Tucker suggests that the five-year incarceration preclusion in § 212(c) should not apply to his case, because he committed the rape prior to the addition of that restriction to § 212(c) in 1990. The argument is meritless. *See Buitrago–Cuesta v. INS*, 7 F.3d 291, 293–95 (1993) (holding that any alien who (i) is *convicted* of an aggravated felony even prior to the date the five-year preclusion took effect; and (ii) who served a sentence of five or more years is ineligible for § 212(c) relief); *see also Reid v. Holmes*, 323 F.3d 187, 188 (2003) (holding *Buitrago–Cuesta* unaffected by *St. Cyr*).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.